**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN Q. RODGERS,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant-Appellee. | No.   18-55009<br><br>D.C. No.<br>2:15-cv-09441-PA-AS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted June 3, 2019
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and ZIPPS,[**] District Judge.

John Q. Rodgers sued the United States, seeking a refund for partial payments of tax return preparer penalties assessed under 26 U.S.C. § 6694(b). After a bench trial, the district court entered judgment in favor of the United States, finding that various understatements on the tax returns prepared by Rodgers were

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

"willful" or done in "reckless or intentional disregard" of IRS rules or regulations. *See* 26 U.S.C. § 6694(b)(2)(A), (B). Rodgers primarily makes two arguments on appeal: (1) the district court erred by defining "willful" in § 6694(b)(2)(A) to include "recklessness"; and (2) the district court lacked sufficient evidence to sustain the penalties against him.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand to the district court for further proceedings.

**1.** We agree with Rodgers that the district court applied the wrong definition of "willful" in § 6694(b)(2)(A). As we explained in *Richey v. IRS*, 9 F.3d 1407, 1411 (9th Cir. 1993), willfulness under § 6694(b)(2)(A) requires "a conscious act or omission made in the knowledge that a duty is therefore not being met." *Id.* (quoting *Pickering v. United States* 691 F.2d 853, 855 (8th Cir. 1982)). We further noted that the definition of "willful" in § 6694(b) is the "same" as the definition used in 26 U.S.C. § 7206. *Id.* As the Supreme Court has explained, that definition does not include recklessness. *See United States v. Bishop*, 412 U.S. 346, 354 (1973).

**2.** Because the district court applied the wrong definition of willful in § 6694(b)(2)(A), we remand to the district court to reconsider, in the first instance, whether the penalties predicated solely on violations of § 6694(b)(2)(A)—the penalties assessed for the tax returns of Rossmith, Ross Pac, and Freshtech—

remain justified in light of the evidence adduced at trial.

**3**. However, we affirm the district court's findings concerning the penalties assessed under § 6694(b)(2)(B) for the Keller and Ross personal returns. *See* 26 U.S.C. § 6694(b)(2)(B) (authorizing penalties based on "reckless or intentional disregard" of tax "rules or regulations"). The district court found that Rodgers knew the applicable rules; had all the information necessary to evaluate and apply the rules; but, ultimately, failed to apply the rules, resulting in an understatement on the Keller and Ross returns. The district court also considered Rodgers' explanation for failing to apply the rules—that he did so inadvertently— and rejected it as not credible. The district court's conclusion that Rodgers recklessly or intentionally disregarded tax rules or regulations was based on an application of the correct statutory standard, and was not clearly erroneous. *See Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004).

**AFFIRMED in part, REVERSED in part, and REMANDED**. Each party shall bear its own costs.