UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-9441 PA (ASx) | Date | December 12, 2019 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - MINUTE ORDER

On September 16, 2019, John Q. Rodgers ("Rodgers") and the United States (the "Government") (jointly the "Parties") filed a Joint Status Report following remand from the Ninth Circuit. (Dkt. No. 127.) The Court set a briefing schedule ordering the Parties to file opening briefs by November 4, and response briefs by November 25, 2019. (Dkt. No. 128.) The Government filed an opening brief. (Dkt. No. 129.) Rodgers did not. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

I.  **PROCEDURAL AND FACTUAL HISTORY**

On December 7, 2015 Rodgers filed a Complaint against the Government for a refund and abatement of tax penalties. (Dkt. No. 1.) In his Complaint, Rodgers alleged the Government "made 14 assessments of $5,000 each (totaling $70,000) against Rodgers pursuant to IRC section 6694(b) based on the purported manner in which he prepared tax returns for the years 2009 and 2010 for three corporations [Rossmith, Ross Pac, and Freshtech] and two individuals [Scott Keller ("Keller") and Joseph Ross ("Ross")]." (Id. ¶ 2.) Rodgers "paid $10,500" and then "filed refund claims with the Internal Revenue Service ('IRS') pursuant to IRC section 6694(c)(1)." (Id. ¶ 3.) Rodgers argues his claims were not acted upon by the Government, and he filed this Complaint seeking "a refund of the amounts he paid," and an "abatement of the uncollected portions of the penalties in the sum of $59,500." (Id. ¶¶ 5-6.)

On March 3, 2016, the Government filed an Answer and Counterclaim. (Dkt. No. 12.) In its Counterclaim, the Government alleged that "[o]n May 4, 2015, the IRS assessed a penalty in the amount of $35,000 against [Rodgers] under IRC § 6694 pertaining to tax returns prepared by [Rodgers] for tax year 2009" and "[o]n May 4, 2015, the IRS assessed a penalty in the amount of $35,000 against [Rodgers] under IRC § 6694 pertaining to tax returns prepared by [Rodgers] for tax year 2010." (Id. ¶¶ 6-7.) The Government argued Rodgers incurred these penalties because on the tax returns at issue he either (1) "[e]ngaged in a willful attempt . . . to understate the liability for tax on the return; or" (2) "[e]ngaged in a reckless or intentional disregard [of the] rules and regulations." (Id. ¶ 8.) The Government asked this Court to enter judgment against Rodgers as to these penalties in the amount of $61,034.48 plus statutory accrual and interest." (¶ 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | December 12, 2019 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

On June 13, 2017 this Court held a bench trial. Following the trial, the Court entered judgment against Rodgers and in favor of the Government "on the Complaint for Refund and Abatement of Tax Penalties filed by Rodgers," and entered judgment in favor of the Government and against Rodgers on the Government's counterclaim. (Dkt. No. 114.) The Court awarded the Government $61,034.36 as of March 9, 2016. (Id.)

In reaching this conclusion, the Court found Rodgers "willfully understated the tax on Ross's 2009 and 2010 tax returns or, alternatively, recklessly or intentionally disregarded the home-mortgage-interest limitation when preparing the return," and Rodgers "willfully understated the tax on Keller's 2009 and 2010 tax returns or, alternatively, recklessly or intentionally disregarded the passive-activity-loss limitation." (Dkt. No. 113 at 25-27.) In addition, this Court found Rodgers "willfully understated the tax on the 2009 and 2010 tax returns for Rossmith and Ross Pac, and the 2010 tax return for Freshtech." (Id. at 27-32.) In reaching this conclusion, this Court found that "[t]he definition of willfulness under IRC § 6694(b)(2)(A), which is not otherwise defined by statute, includes reckless disregard." (Id. 23) (citing Safeco Ins. Co. v. Burr, 551 U.S. 47, 57 (2007).

On appeal, the Ninth Circuit held this Court "applied the wrong definition of 'willful' in § 6694(b)(2)(A)." Rodgers v. United States, 772 Fed. Appx. 555, 555 (9th Cir. 2019). The Ninth Circuit found "willfulness under § 6694(b)(2)(A) requires 'a conscious act or omission made in the knowledge that a duty is therefore not being met.'" Id. (citing Richey v. IRS, 9 F.3d 1407, 1411 (9th Cir. 1993)). The Ninth Circuit remanded this case for this Court to "reconsider . . . whether the penalties predicated solely on violations of § 6694(b)(2)(A) - the penalties assessed for the tax returns of Rossmith, Ross Pac, and Freshtech - remain justified in light of the evidence adduced at trial." Id. The Ninth Circuit affirmed this Court's findings "concerning the penalties assessed under § 6694(b)(2)(B) for the Keller and Ross personal returns." Id. (citing 26 U.S.C. § 6694(b)(2)(B) ("authorizing penalties based on 'reckless or intentional disregard' of tax 'rules or regulations'")). The Ninth Circuit agreed with this Court that, as to the Keller and Ross personal returns, "Rodgers knew the applicable rules; had all the information necessary to evaluate and apply the rules; but, ultimately, failed to apply the rules, resulting in an understatement on the Keller and Ross returns." Id. The Ninth Circuit also found this court "considered Rodgers' explanation for failing to apply the rules – that he did so inadvertently – and rejected it as not credible." Id.

**II.    LEGAL STANDARD**

For Rodgers to be liable for the penalty under IRC § 6694(b)(2)(A), the Government must establish that:

      a.    Rodgers is a tax-return preparer as defined in IRC § 7701(a)(36);
      b.    The tax returns prepared by Rodgers contained an understatement of tax; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | December 12, 2019 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

      c.    Rodgers' conduct in the preparation of the tax return was a willful attempt in any manner to understate the liability for tax on the return.

The only issue on remand is whether Rodgers' conduct was "willful." For purposes of IRC § 6694(b), the Ninth Circuit has held that willfulness "requires a conscious act or omission made in the knowledge that a duty therefore is not being met." Rodgers, 772 Fed. Appx. at 555. Willfulness "may be inferred from all the facts and circumstances of a defendant's conduct." United States v. Cook, 261 Fed. Appx. 52, 53 (9th Cir. 2007).

**III.   DISCUSSION**

The Court has reconsidered the evidence adduced at trial regarding the tax returns Rodgers filed for Rossmith, Ross Pac and Freschtech. The Court finds that, under the Ninth Circuit's definition of "willful," the Government has shown by a preponderance of the evidence that Rodgers willfully understated the tax on the 2009 and 2010 tax returns for Rossmith and Ross Pac, and the 2010 tax return for Freschtech. Herman & MacLean v. Huddleson, 459 U.S. 375, 389 (1983) (setting out preponderance standard). The evidence shows that Rodgers consciously understated tax on the corporate returns that he filed. As adduced at trial:

The 2009 Rossmith tax return prepared by Rodgers:

    1.    Did not report as income $422,969.27 Rossmith received from Ross Pac and Freshtech;
    2.    Overstated its deduction for salaries and services / consulting / 1099s by $152,112.92;
    3.    Overstated its deduction for taxes and licenses by $88,694.49;
    4.    Overstated its deduction for advertising expenses by including $3,201.62 for membership dues at the Manhattan Beach Country Club; and
    5.    Overstated its rental deduction by including expenses for Keller's rental property, which had no relation to Rossmith's business.

(Dkt. No. 113 ¶ 26.)

The 2009 Ross Pac tax return prepared by Rodgers:

    1.    Included claimed expenses for officers - placed in the costs-of-goods sold expenses - of $86,841.52 that were not incurred by Ross Pac;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | December 12, 2019 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

2. Included a $212,000 transfer of funds from Ross Pac to Rossmith in the costs-of-goods-sold expenses when Ross pac did not purchase goods from Rossmith; and
3. Included claimed expenses for payroll taxes, which were $2,712.71 in excess of what Ross Pac actually contributed to payroll taxes.

(Id. ¶ 27.)

The 2010 Rossmith tax return prepared by Rodgers:

1. Did not report as income $498,641.85 Rossmith received from Ross Pac and Freschtech;
2. Overstated its deduction for dues and subscription expenses by including $455.38 for membership dues at the Manhattan Beach Country Club; and
3. Overstated its rental deduction by including $326.64 it paid in expenses for Keller's rental property, which had no relation to Rossmith's business.

(Id. ¶ 28.)

The 2010 Ross Pac tax return prepared by Rodgers:

1. Overstated its rent deduction by $63,432.76;
2. Overstated its deduction for dues and subscriptions by $2,275.75; and
3. Overstated its deduction for supplies, repairs, and maintenance by $9,971.24.

(Id. ¶ 29.)

The 2010 Freschtech tax return prepared by Rodgers:

1. Overstated its rent deduction by $48,091.88;
2. Overstated its deduction for dues and subscriptions by $823.42; and
3. Overstated its deduction for supplies, repairs, and maintenance by $7,624.02.

(Id. ¶ 30.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | December 12, 2019 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

Rodgers has been working as an accountant and tax attorney in his own practice since 1987.  (Id. ¶ 5.)  As a tax return professional, Rodgers knows the following: (a) as taxable income increases, tax increases; (b) as deductions decrease, tax decreases; (c) expenses can be deducted only once; (d) to claim a deduction an expense must actually be incurred; and (e) personal expenses are not deductible as business expenses.  (Id. ¶ 16.)  In preparing the above tax returns, Rodgers did not follow his standard operating procedures.  Although it was Rodgers' standard practice to have a second person other than himself review the tax returns after the initial preparation of the tax returns, he did not require that in the case of the tax returns for Freschtech, Rossmith, and Ross Pac.  (Id. ¶¶ 65-66.)  Instead, Rodgers skipped this standard operating procedure, and all of these returns went straight to Rodgers for review.  (Id.)

Regarding Rossmith's 2009 return, Rossmith's profit-and-loss statement had no fewer than four iterations.  (Id. ¶ 71.)  These iterations were necessary because the initial profit-and-loss statements had negative balances indicating that income and expense items were not adequately characterized.  (Id. ¶ 72.)  Although to a trained tax preparer such as Rodgers, a negative balance on a profit-and-loss statement signifies something amiss necessitating further inquiry by the preparer, Rodgers did not ask for any supporting documentation.  (Id. ¶¶ 57, 73.)

Based on these facts, the Court finds Rodgers consciously made each of the above understatements as to Ross Pac, Rossmith, and Freschtech with knowledge that he was not fulfilling his duties to truthfully and accurately prepare the returns.  See, e.g., U.S. v. Cook, 261 Fed. Appx. 52, 54 (9th Cir. 2007) (finding "more than sufficient evidence for a rational trier of fact to find that [defendant] willfully violated the tax law," where the plaintiff had "significant education and experience in the tax field," and there was evidence that the plaintiff (1) "failed to report income on her 1987 tax returns," (2) "received numerous warnings the procedures she was promoting . . . were likely improper," (3) "encouraged the use of procedures to exaggerate expenses," (4) "improperly created intangible assets to take deductions against," and (5) "aided clients in misleading IRS agents."); U.S. v. Grumka, 728 F. 2d 794, 797 (6th Cir. 1984) (circumstantial evidence as well as defendant's prior tax-paying history and advice concerning the need to file proper tax returns constitutes evidence to establish element of willfulness); U.S. v. Diamond, 788 F.2d 1025, 1030 (4th Cir. 1986) ("[T]here was substantial circumstantial evidence to support the trial court's conclusion that Diamond intended to file false returns.  The evidence established, among other things, Diamond's education and professional experience, suggesting an extraordinary sophistication with respect to tax matters; that Diamond reported trading losses in prior and subsequent years as capital losses . . .; that Diamond directed Robertshaw to withhold additional taxes from his wages . . . in order to avoid the estimated payment penalty he had incurred in prior years . . .; [and] the false characterization of his trading activity.")

## Conclusion

For all of the foregoing reasons, and for the reasons set forth in the government's brief, the Court concludes that the preponderance of the evidence supports the conclusion that Rodgers willfully prepared tax returns for Ross Pac, Rossmith, and Freschtech that contained an understatement of liability.  The Court therefore affirms its prior conclusion that Rodgers shall take nothing by way of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | December 12, 2019 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

Complaint, and the Government shall prevail on its Counterclaim.  The Court affirms the assessment of the penalties against Rodgers pursuant to 26 U.S.C. § 6694(b).  The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.