UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 15-9441 PA (ASx) | Date | February 20, 2020 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - MINUTE ORDER

Before the Court is Plaintiff John Q. Rodgers' ("Rodgers") Post-Remand Brief. (Dkt. No. 136.) The United States (the "Government") filed a Response to Plaintiff's Post-Remand Brief. (Dkt. No. 137.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

I.   **PROCEDURAL AND FACTUAL HISTORY**

On December 7, 2015 Rodgers filed a Complaint for a refund and abatement of tax penalties. (Dkt. No. 1.) In his Complaint, Rodgers alleged the Government "made 14 assessments of $5,000 each (totaling $70,000) against Rodgers pursuant to IRC section 6694(b) based on the purported manner in which he prepared tax returns for the years 2009 and 2010 for three corporations [Rossmith, Ross Pac, and Freshtech] and two individuals [Scott Keller ("Keller") and Joseph Ross ("Ross")]." (Id. ¶ 2.) Rodgers "paid $10,500" and then "filed refund claims with the Internal Revenue Service ('IRS') pursuant to IRC section 6694(c)(1)." (Id. ¶ 3.) Rodgers argues his claims were not acted upon by the Government, and he filed this Complaint seeking "a refund of the amounts he paid," and an "abatement of the uncollected portions of the penalties in the sum of $59,500." (Id. ¶¶ 5-6.)

On March 3, 2016, the Government filed an Answer and Counterclaim. (Dkt. No. 12.) In its Counterclaim, the Government alleged that "[o]n May 4, 2015, the IRS assessed a penalty in the amount of $35,000 against [Rodgers] under IRC § 6694 pertaining to tax returns prepared by [Rodgers] for tax year 2009" and "[o]n May 4, 2015, the IRS assessed a penalty in the amount of $35,000 against [Rodgers] under IRC § 6694 pertaining to tax returns prepared by [Rodgers] for tax year 2010." (Id. ¶¶ 6-7.) The Government argued Rodgers incurred these penalties because on the tax returns at issue he either (1) "[e]ngaged in a willful attempt . . . to understate the liability for tax on the return; or" (2) "[e]ngaged in a reckless or intentional disregard [of the] rules and regulations." (Id. ¶ 8.) The Government asked this Court to enter judgment against Rodgers as to these penalties in the amount of $61,034.48 plus statutory accrual and interest." (¶ 16.)

On June 13, 2017 this Court held a bench trial. Following the trial, the Court entered judgment against Rodgers and in favor of the Government "on the Complaint for Refund and Abatement of Tax Penalties filed by Rodgers," and entered judgment in favor of the Government and against Rodgers on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | February 20, 2020 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

the Government's Counterclaim. (Dkt. No. 114.) The Court awarded the Government $61,034.36 as of March 9, 2016. (Id.)

In reaching this conclusion, the Court found Rodgers "willfully understated the tax on Ross's 2009 and 2010 tax returns or, alternatively, recklessly or intentionally disregarded the home-mortgage-interest limitation when preparing the return," and Rodgers "willfully understated the tax on Keller's 2009 and 2010 tax returns or, alternatively, recklessly or intentionally disregarded the passive-activity-loss limitation." (Dkt. No. 113 at 25-27.) In addition, this Court found Rodgers "willfully understated the tax on the 2009 and 2010 tax returns for Rossmith and Ross Pac, and the 2010 tax return for Freshtech." (Id. at 27-32.) In reaching this conclusion, this Court found that "[t]he definition of willfulness under IRC § 6694(b)(2)(A), which is not otherwise defined by statute, includes reckless disregard." (Id. 23) (citing Safeco Ins. Co. v. Burr, 551 U.S. 47, 57 (2007)).

On appeal, the Ninth Circuit held this Court "applied the wrong definition of 'willful' in § 6694(b)(2)(A)." Rodgers v. United States, 772 Fed. Appx. 555, 555 (9th Cir. 2019). The Ninth Circuit found "willfulness under § 6694(b)(2)(A) requires 'a conscious act or omission made in the knowledge that a duty is therefore not being met.'" Id. (citing Richey v. IRS, 9 F.3d 1407, 1411 (9th Cir. 1993)). The Ninth Circuit remanded this case for this Court to "reconsider . . . whether the penalties predicated solely on violations of § 6694(b)(2)(A) - the penalties assessed for the tax returns of Rossmith, Ross Pac, and Freshtech - remain justified in light of the evidence adduced at trial." Id. The Ninth Circuit affirmed this Court's findings "concerning the penalties assessed under § 6694(b)(2)(B) for the Keller and Ross personal returns." Id. (citing 26 U.S.C. § 6694(b)(2)(B) ("authorizing penalties based on 'reckless or intentional disregard' of tax 'rules or regulations'")). The Ninth Circuit agreed with this Court that, as to the Keller and Ross personal returns, "Rodgers knew the applicable rules; had all the information necessary to evaluate and apply the rules; but, ultimately, failed to apply the rules, resulting in an understatement on the Keller and Ross returns." Id. The Ninth Circuit also found this court "considered Rodgers' explanation for failing to apply the rules – that he did so inadvertently – and rejected it as not credible." Id.

On September 16, 2019, Rodgers and the Government (jointly the "Parties") filed a Joint Status Report following remand from the Ninth Circuit. (Dkt. No. 127.) The Court set a briefing schedule ordering the Parties to file opening briefs by November 4, and response briefs by November 25, 2019. (Dkt. No. 128.) The Government filed an opening brief. (Dkt. No. 129.) Rodgers did not. On December 12, 2019, the Court issued an Order and Judgment affirming the Court's prior judgment in favor of the United States. (Dkt. Nos. 131, 132.) On December 23, 2019, Rodgers filed a Motion for Relief from Judgment (Dkt. No. 133), which this Court granted (Dkt. No. 135). Both Parties have now filed post-remand briefing. (Dkt. Nos. 136, 137.)

## II.  LEGAL STANDARD

For Rodgers to be liable for the penalty under IRC § 6694(b)(2)(A), the Government must establish that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | February 20, 2020 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

      a.    Rodgers is a tax-return preparer as defined in IRC § 7701(a)(36);

      b.    The tax returns prepared by Rodgers contained an understatement of tax; and

      c.    Rodgers' conduct in the preparation of the tax return was a willful attempt in any manner to understate the liability for tax on the return.

      The only issue on remand is whether Rodgers' conduct was "willful." For purposes of IRC § 6694(b), the Ninth Circuit has held that willfulness "requires a conscious act or omission made in the knowledge that a duty therefore is not being met." Rodgers, 772 Fed. Appx. at 555. "Willful blindness is tantamount to knowledge." Lenz v. Universal Music Corp., 07-cv-03783, 2013 WL 271673, at *7 (N.D. Cal. Jan. 24, 2013), see also Luvdarts, LLC v. AT & T Mobility LLC, 710 F.3d 1068, 1073 (9th Cir. 2013) ("Willful blindness of specific facts would establish knowledge."); United States v. Heredia, 483 F.3d 913, 918 n. 4 (9th Cir. 2007) (en banc) (distinguishing willful blindness from recklessness or negligence and clarifying that "[a] willfully blind defendant is one who took deliberate action to avoid confirming suspicions of criminality"). Two requirements must be met in order for the doctrine of willful blindness to apply. "First the defendant must subjectively believe that there is a high probability that a fact exists. Second, the defendant must take deliberate actions to avoid learning of that fact." Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 756 (2011). "These requirements give willful blindness an appropriately limited scope that surpasses recklessness and negligence." Id.

      Willfulness does not require a showing of an evil or bad motive. United States v. Pomponio, 429 U.S. 10, 12 (1976); see also United States v. Easterday, 564 F.3d 1004, 1005-06 (9th Cir. 2009) (finding the Supreme Court in Pomponio rejected "any such definition of willfulness in the tax statutes" that "included some element of evil motive").

      Finally, willfulness "may be inferred from all the facts and circumstances of a defendant's conduct." United States v. Cook, 261 Fed. Appx. 52, 53 (9th Cir. 2007). The Government bears the burden of proof in determining whether Rodgers acted willfully. See 26 U.S.C. § 7427.

**III. DISCUSSION**

      The Court has reconsidered the evidence adduced at trial regarding the tax returns Rodgers filed for Rossmith, Ross Pac and Freschtech, as well as the parties' additional briefing. The Court finds that, under the Ninth Circuit's definition of "willful," and the doctrine of willful blindness, the Government has shown by a preponderance of the evidence[1/] that Rodgers, a highly experienced tax professional,

---

[1/]    Rodgers argues in his Post-Remand Brief that "the appropriate standard of proof is a clear and convincing standard rather than preponderance of the evidence." (Dkt. No. 136 at 8.) Rodgers previously made this argument, and this Court rejected it. (See Dkt. No. 113, Findings of Fact and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | February 20, 2020 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

knew there was a high probability that he understated the tax on the 2009 and 2010 tax returns for Rossmith and Ross Pac, and the 2010 tax return for Freschtech, and took deliberate actions to avoid learning of, and therefore remaining willfully blind, of these facts.

The evidence at trial shows that Rodgers understated tax on the corporate returns he filed. As adduced at trial:

The 2009 Rossmith tax return prepared by Rodgers:

1. Did not report as income $422,969.27 Rossmith received from Ross Pac and Freshtech;
2. Overstated its deduction for salaries and services / consulting / 1099s by $152,112.92;
3. Overstated its deduction for taxes and licenses by $88,694.49;
4. Overstated its deduction for advertising expenses by including $3,201.62 for membership dues at the Manhattan Beach Country Club; and
5. Overstated its rental deduction by including expenses for Keller's rental property, which had no relation to Rossmith's business.

(Dkt. No. 113 ¶ 26.)

The 2009 Ross Pac tax return prepared by Rodgers:

1. Included claimed expenses for officers - placed in the costs-of-goods sold expenses - of $86,841.52 that were not incurred by Ross Pac;
2. Included a $212,000 transfer of funds from Ross Pac to Rossmith in the costs-of-goods-sold expenses when Ross Pac did not purchase goods from Rossmith; and
3. Included claimed expenses for payroll taxes, which were $2,712.71 in excess of what Ross Pac actually contributed to payroll taxes.

---

Conclusions of Law, at 23, ¶ 9 ("The preponderance-of-the-evidence standard applies to the penalty provisions of IRC § 6694(b). See Herman & MacLean v. Huddleston, 459 U.S. 375, 389 (1983); United States v. Kapp, 564 F.3d 1103, 1009 (9th Cir. 2009)").) Rodgers did not raise this argument on appeal, and has thus waived it. See Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir. 1990) ("a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case"); Munoz v. Imperial County, 667 F.2d 811, 817 (9th Cir. 1982 ("We need not and do not consider a new contention that could have been but was not raised on the prior appeal."); Jimenez v. Franklin, 680 F.3d 1096, 1099-1100 (9th Cir. 2012) (holding argument that was not raised on prior appeal was waived and could not be relitigated).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | February 20, 2020 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

(Id. ¶ 27.)

    The 2010 Rossmith tax return prepared by Rodgers:

        1.      Did not report as income $498,641.85 Rossmith received from Ross Pac and Freschtech;
        2.      Overstated its deduction for dues and subscription expenses by including $455.38 for membership dues at the Manhattan Beach Country Club; and
        3.      Overstated its rental deduction by including $326.64 it paid in expenses for Keller's rental property, which had no relation to Rossmith's business.

(Id. ¶ 28.)

    The 2010 Ross Pac tax return prepared by Rodgers:

        1.      Overstated its rent deduction by $63,432.76;
        2.      Overstated its deduction for dues and subscriptions by $2,275.75; and
        3.      Overstated its deduction for supplies, repairs, and maintenance by $9,971.24.

(Id. ¶ 29.)

    The 2010 Freschtech tax return prepared by Rodgers:

        1.      Overstated its rent deduction by $48,091.88;
        2.      Overstated its deduction for dues and subscriptions by $823.42; and
        3.      Overstated its deduction for supplies, repairs, and maintenance by $7,624.02.

(Id. ¶ 30.)

    The evidence further shows Rodgers knew there was a high probability he was making understatements on the companies' tax returns, and took deliberate actions to avoid learning of these understatements.

    First, the evidence shows that Rodgers, and others at his firm, directed Dana Styck, the bookkeeper for Rossmith, Ross Pac, and Freshtech to make changes to the companies' general ledgers in order to have those ledgers reflect losses that never occurred. However, in the preparation of the tax returns, Rodgers and his associates never looked at the general ledgers. (Id. ¶¶ 31(k), 75.) For example,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | February 20, 2020 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

Rodgers directed Styck to classify a $212,000 payment from Ross Pac to Rossmith as costs-of-goods sold in the general ledgers, when Ross Pac did not purchase any goods from Rossmith.  (Id. ¶ 31(i).)  By improperly inflating Ross Pac's costs-of-goods sold in this manner, Ross Pac, through Rodgers' direction, improperly reduced its taxable income.  (Id.)  As another example, Styck, at the direction of Rodgers, renamed Rossmith's "suspense account" - a temporary holding account for transactions for which the bookkeeper needs additional guidance from an accountant to properly categorize funds - to "corporate-operating expenses."  (Id. ¶ 61.)  Despite directing Styck to make these changes to the companies' general ledgers, neither Rodgers nor his associates ever reviewed the general ledgers when preparing the tax returns at issue.  (Id. ¶ 31(k).)

Further, in preparing the above tax returns, Rodgers did not follow his standard operating procedures in order to avoid raising any red flags as to these tax returns.  Although it was Rodgers' standard practice to have a second person other than himself review the tax returns after the initial preparation of the tax returns, he did not require a second person to review the Freschtech, Rossmith, and Ross Pac tax returns.  (Id. ¶¶ 65-66.)  Alla Troitskaya, a tax return preparer employed by Rodgers, was the initial reviewer for the 2009 and 2010 Rossmith, Ross Pac, and Freshtech tax returns.  (Id. ¶¶ 14, 66.)  Rodgers assigned the preparation of these returns to Troitskaya even though she had no prior experience in the preparation of these type of returns and viewed them as very complicated.  (Id. ¶ 66.)  After Troitskaya completed her tasks regarding these tax returns, the tax returns were given directly to Rodgers for his review, rather than to another person, as was the typical procedure.  (Id.)  Again, neither Troitskaya nor Rodgers ever reviewed the general ledgers to confirm the proper deductions were being made, despite there being no impediment to Rodgers requesting the general ledgers of the companies had he chosen to do so.  (Id. ¶¶ 68-69.)

In addition, despite the apparent difficulties Rossmith and Ross Pac experienced in attempting to characterize income and expense items, Rodgers never asked for supporting documentation.  (Id. ¶ 73.)  Regarding Rossmith's 2009 return, Rossmith's profit-and-loss statement had no fewer than four iterations.  (Id. ¶ 71.)  These iterations were necessary because the initial profit-and-loss statements had negative balances indicating that income and expense items were not adequately characterized.  (Id. ¶ 72.)  Although to a trained tax preparer such as Rodgers, a negative balance on a profit-and-loss statement signifies something amiss necessitating further inquiry by the preparer, Rodgers did not inquire further by asking for additional documents to clarify these discrepancies.  (Id. ¶¶ 57, 73.)

The Court finds that, based on the evidence adduced at trial, Rodgers knew there was a high probability that he was understating the tax on the 2009 and 2010 tax returns for Rossmith and Ross Pac, and the 2010 tax return for Freschtech.  In addition, Rodgers took deliberate actions to avoid learning of these facts.  Thus, Rodgers' conduct pertaining to these tax returns was willful under IRC § 6694(b).  See, e.g., U.S. v. Grumka, 728 F. 2d 794, 797 (6th Cir. 1984) (circumstantial evidence as well as defendant's prior tax-paying history and advice concerning the need to file proper tax returns constitutes evidence to establish element of willfulness); U.S. v. Diamond, 788 F.2d 1025, 1030 (4th Cir. 1986) ("[T]here was substantial circumstantial evidence to support the trial court's conclusion that Diamond intended to file false returns.  The evidence established, among other things, Diamond's education and professional experience, suggesting an extraordinary sophistication with respect to tax matters; that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9441 PA (ASx) | Date | February 20, 2020 |
|---|---|---|---|
| Title | John Q. Rodgers v. United States of America | | |

Diamond reported trading losses in prior and subsequent years as capital losses . . .; that Diamond directed Robertshaw to withhold additional taxes from his wages . . . in order to avoid the estimated payment penalty he had incurred in prior years . . .; [and] the false characterization of his trading activity.")

## Conclusion

For all of the foregoing reasons, the Court affirms its prior conclusion that Rodgers shall take nothing by way of his Complaint, and the Government shall prevail on its Counterclaim. The Court affirms the assessment of the penalties against Rodgers pursuant to 26 U.S.C. § 6694(b). The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.